## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| **ZAFAR SAJID,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.:** |
| | ) | |
| **E&B LOGISTICS, INC.,** | ) | 2:22-CV-101 |
| **JESUS R. MORFA, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

RECEIVED

FEB 2 5 2022

CLERK
U.S. DISTRICT COURT
MIDDLE DIST. OF ALA.

### NOTICE OF REMOVAL

Pursuant to 28 USC §§ 1332, 1441, and 1446, Defendant E&B Logistics, Inc. ("Defendant") hereby files this Notice of Removal to remove this civil action from the Circuit Court of Montgomery County, Alabama, where it was filed, to the United States District Court for the Middle District of Alabama. In support thereof, Defendant states as follows:

### INTRODUCTION

Plaintiff Zafar Sajid ("Plaintiff") filed this action against E&B Logistics, Inc. Jesus A. Morfa, and Fictitious Defendants numbers 1-19 alleging various personal injury counts arising out of a motor vehicle accident which occurred in Montgomery County, Alabama. Plaintiff alleges that the individual Defendant, Jesus R. Morfa, was acting in the line and scope of his employment at the time of the accident for his

employer, Defendant E&B Logistics, Inc.

As demonstrated below, this Court has jurisdiction pursuant to 28 USC § 1332 because there is complete diversity of citizenship between the Plaintiff and Defendants and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

## STATEMENT OF REMOVAL

1.      On or about December 16, 2021, Plaintiff filed a Complaint in the Circuit Court of Montgomery County, Alabama docketed as Civil Action Number CV-2021-901332.

2.      On December 22, 2021, Defendant Jesus A. Morfa was served for the first time with a Summons and a copy of the Complaint.  On January 26, 2022, Defendant E&B Logistics, Inc. was served for the first time with a Summons and a copy of the Complaint.  Pursuant to 28 USC § 1446 (a), true and correct copies of all process, pleadings, and other documents served upon Defendants are attached hereto as Exhibit "A."

## DIVERSITY OF CITIZENSHIP

3.      Plaintiff, Zafar Sajid, is an adult resident of Markham, Ontario, Canada See Complaint ¶ 1.

4.      Defendant, Jesus R. Morfa, is an adult resident of Midland, Midland

2

County, Texas.  See Complaint ¶ 3.

5.     Defendant, E&B Logistics, Inc, and has its principle place of business in Horizon City, Texas.  See Complaint ¶ 2.

6.     The citizenship of Fictitious Defendants 1-19 is disregarded for purposes of diversity jurisdiction.  See 28 USC § 1441 (b) ("[T]he citizenship of defendants sued under fictitious names shall be disregarded.").

7.     Because Plaintiff and Defendants are citizens of different states there is complete diversity of citizenship pursuant to § 1332 (a)(1).

## AMOUNT IN CONTROVERSY

8.     Where, as here, a plaintiff makes "an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the...jurisdictional requirement.  Roe v. Michelin N. Am., Inc., 613 F. 3d 1058, 1061 (11th Cir. 2010)(quoting Tapscott v. MS Dealer Service Corp., 77 F. 3d 1353, 1357 (11th Cir. 1996), abrogated on other grounds by Cohen v. Office Depot, Inc., 204 F. 3d 1069 (11th Cir. 2000)); Pretka v. Kolter City Plaza, Inc. 608 F. 3d 744, 752 (11th Cir. 2010).  The 11th Circuit has made clear that "[t]he plaintiffs' likelihood of success on the merits is largely irrelevant to the Court's jurisdiction because a pertinent question is what is in controversy in the case, not how much the plaintiffs are likely

to recover." Id. at 751 (internal quotation marks and citations omitted). Moreover, in determining the amount in controversy:

> 11th Circuit precedent permits District Courts to make "reasonable deductions, reasonable inferences, or other reasonable extrapolations" from the pleadings to determine whether it is facially apparent that a case is removable. Put simply, a District Court need not "suspend reality or shelve common sense in determining whether the face of a complaint...establishes the jurisdictional amount." Instead, Courts may use their judicial experience and common sense in determining whether a case stated in a complaint meets federal jurisdictional requirements.

Roe, 613 F. 3d at 1061 (internal citations omitted).

9. To ascertain the amount in controversy, the Court considers the Notice of Removal and all of the evidence presented by the Defendants which can include both documents received from the Plaintiff and the Defendants' own evidence. Pretka, 608 F. 3d at 755-56. The Pretka Court further recognized that "[t]he substantive jurisdictional requirements of removal do not limit the types of evidence that may be used to satisfy the preponderance of the evidence standard. Defendants may introduce their own affidavits, declarations, or other documentation - provided of course that removal is procedurally proper." Id. at 755.

10. The 11th Circuit has also held that "in determining the jurisdictional amount in controversy in diversity case, punitive damages must be

4

considered...unless it is apparent to a legal certainty that such cannot be recovered."

<u>Blackwell v. Great Am. Fin. Res., Inc.</u>, 620 F. Supp. 2d 1289, 1290 (N.D. Ala. 2009)(quoting <u>Holley Equip. Co. v. Credit Alliance Corp.</u>, 821 F. 2d 1531, 1535 (11th Cir. 1987).

11.    In this case, Plaintiff's Complaint makes an unspecified demand for damages, but the averments in the Complaint (if true), judicial experience, and common sense dictate that the amount in controversy in this case exceeds $75,000.00. From a factual standpoint, Plaintiff alleges that Defendant Morfa, while acting in the line and scope of his employment, was operating a Freightliner tractor trailer, owned and controlled by E&B Logistics, when he hit the Plaintiff's vehicle and caused that vehicle to leave Interstate 85 and go down an embankment. (Complaint ¶ 7). Significantly, Plaintiff goes on to allege

> Defendant Morfa fled the scene of the collision but was later located by Alabama State Troopers. Defendant Morfa was found to be intoxicated, with beer cans on the floor board (sic) of his vehicle. He was arrested and charged with leaving the scene of an accident, driving while disqualified, failing to display insurance, and driving under the influence of alcohol.

(Complaint ¶ 8).

For physical damages, Plaintiff avers:

a. Plaintiff suffered permanent, disfiguring physical injuires in

5

and about his body.

b. Plaintiff suffered, and will suffer in the future, physical pain and mental anguish as a result of said injuries.

c. Plaintiff incurred, and will incur in the future, medical expenses for the treatment of his injuries.

d. Plaintiff incurred economic loss in the form of miscellaneous out of pocket expenses

e. Plaintiff incurred property damage, including a total loss of his vehicle.

(Complaint ¶ 15). All of these past and present claims of injury and damages purportedly arise out of the motor vehicle accident in this case. Id.

In addition to the compensatory damages sought, Plaintiff seeks punitive damages based on Defendant Morfa's wanton conduct. It is clear from the face of the Complaint that Defendant Morfa's alleged conduct was particularly egregious. Plaintiff alleges that Defendant Morfa consciously disregarded the safety of both the public at large and the specific Plaintiff and seeks to effectively punish and deter such conduct. Plaintiff seeks to hold Defendant E&B Logistics responsible for Defendant Morfa's wanton conduct.

The specific punitive allegations are particularly significant because Plaintiff alleges that Defendant Morfa operated a large tractor-trailer on a major interstate while intoxicated. This alleged intoxication not only violates the general Rules of the Road in Alabama, but also violates the Federal Motor Carrier Safety Regulations. To make matters worse, Plaintiff also alleges that Morfa fled the scene of the

accident only to be apprehended and arrested later. Irrespective of the nature of the Plaintiff's physical injuries, the gravity of the wantonness allegation – the operation of a multi-ton tractor-trailer on an Alabama interstate while intoxicated – makes the prospect of a punitive damages award alone in excess of $75,000.00 a reasonable estimation. The allegation that Defendant Morfa fled the scene of the accident only adds to the potential for a jury to seek to punish the Defendants in excess of the amount-in-controversy requirements.

12.   The Complaint's failure to disclaim entitlement to more than $74,999.99 further supports the fact that more than $75,000.00 is "in controversy." See Jones v. Novartis Pharm. Co., 952 F. Supp. 2d 1277, 1286 (N.D. Ala. 2013).

13.   In sum, based on the nature of the Complaint's allegations, the type of injuries and future necessary treatment, allegations of pain and suffering, the alleged egregious conduct, the clear potential of a punitive damages award, and Plaintiff's failure to disclaim an entitlement of more than $74,999.99, "judicial experience and common sense" dictate that it is more likely than not that the Complaint places more than $75,000.00 in controversy. Roe, 613 F. 3d at 1061.

**THE OTHER PREREQUISITES OF REMOVAL HAVE BEEN SATISFIED**

14.   This Notice of Removal is timely filed pursuant to 28 USC § 1446 (b), as it is filed within thirty (30) days of this Defendant's receipt of the Complaint

through service of process.

15.    Counsel for Defendant E&B Logistics has spoken with the separately retained counsel for Defendant Morfa and Defendant Morfa consents and concurs with in this Notice of Removal.

16.    Removal of this action to the Middle District of Alabama is proper pursuant to 28 USC § 1446 (a) because this Court is the United States District Court for the district and division embracing the place where the State Court action is pending, and the alleged incident giving rise to this cause of action occurred in Montgomery County, Alabama.  (See Complaint).

17.    Pursuant to 28 USC § 1446 (d), a Notice of Filing Notice of Removal, with a copy of this Notice of Removal attached, will promptly be served on Plaintiff's counsel, counsel for Defendant Morfa, and filed with the Clerk of Court for the Circuit Court of Montgomery County, Alabama.

18.    The allegations in this Notice of Removal are true and correct, this cause is within the jurisdiction of the United States District Court for the Middle District of Alabama and this cause is removable to the same.

**WHEREFORE,** Defendant E&B Logistics, Inc. desires to remove this case to the United States District Court for the Middle District of Alabama, being the district and division of said Court for the County in which said action is pending,

8

and prays that the filing of this Notice of Removal shall affect the removal of said action to this Court.

Respectfully submitted,

John M. Gray, III (asb-7984-t46m)
jgray@ssp-law.com

Todd N. Hamilton (asb-4319-m67t)
thamilton@ssp-law.com
*Attorneys for Defendant E&B Logistics, Inc.*

**OF COUNSEL:**
**SMITH, SPIRES, PEDDY, HAMILTON & COLEMAN P.C.**
3500 Colonnade Parkway
Suite 350
Birmingham, Alabama 35243
(205) 251-5885

## CERTIFICATE OF SERVICE

I hereby certify that I served the below attorneys associated with this case with the foregoing Notice of Removal via email on **25th day of February, 2022.**

S. Drew Barnett
Jessica Bond
Belt & Bruner, P.C.
880 Montclair Drive
Suite 300
Birmingham, Alabama 35213
drewb@beltlawfirm.com
jessicab@beltlawfirm.com
*Attorneys for Plaintiff Zafar Sajid*

9

R. Mac Freeman
Rushton, Stakely, Johnson & Garrett, P.A.
184 Commerce Street (36104)
Post Office Box 280 (36101-0270)
Montgomery, Alabama
RMF@rushtonstakely.com
*Attorney for Defendant Jesus R. Morfa*

Of Counsel