ELECTRONICALLY FILED
12/16/2021 4:00 PM
03-CV-2021-901332.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
GINA J. ISHMAN, CLERK

# IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| **ZAFAR SAJID; an individual** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| | ) |
| **v.** | ) **Case No.:** |
| | ) |
| **E&B LOGISTICS, INC., a corporation;** | ) |

**JESUS R. MORFA, an individual,** and **No. 1,** whether singular or plural, the driver(s) and/or the employer(s) of the driver(s) of the motor vehicle(s) which struck Plaintiff on the occasion made the basis of this suit; **No. 2,** whether singular or plural, the owner of the motor vehicle that struck Plaintiff on the occasion made the basis of this suit; **No. 3,** whether singular or plural, the person, firm or corporation who was responsible for the rental, sale, or lease of the motor vehicle(s), tire(s) and/or wheel(s) on the vehicle in which struck Plaintiff on the occasion made the basis of this suit; **No. 4,** whether singular or plural, that entity or those entities who or which afforded any insurance coverage to either the driver or the owner of the motor vehicle(s) involved in the occurrence made the basis of this lawsuit; **No. 5,** whether singular or plural, that individual or entity who or which provided maintenance and upkeep on the motor vehicle(s) involved in the occurrence made the basis of this lawsuit; **No. 6,** whether singular or plural, that individual or entity who or which did any repair work on the motor vehicle(s) involved in the occurrence made the basis of this complaint; **No. 7,** whether singular or plural, that entity or those entities who or which manufactured and/or distributed the motor vehicle(s), tire(s) and/or wheel(s) involved in the occurrence made the basis of this lawsuit, or any of the component parts thereof; **No. 8,** whether singular or plural, that entity or those entities who or which were the master or principal of the driver of the motor vehicle(s) involved in the occurrence made the basis of this lawsuit; **No. 9,** whether singular or plural, that entity or those entities who or which was responsible for the condition or state of repair of the vehicle(s), tire(s), and/or wheel(s) involved in the occurrence made the basis of this lawsuit; **No. 10,** whether singular or plural, that entity or those entities, that individual or those individuals who or which repaired, altered, installed, serviced, or maintained the vehicle(s), tire(s) and/or wheel(s) involved in the occurrence made the basis of this lawsuit; **No. 11,** whether singular or plural, that entity or those entities who or which issued, or had a duty to issue, warnings or instructions regarding the use or operation of any of the vehicle(s), tire(s), and/or wheel(s) involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith; **No. 12,** whether singular or plural, that entity or those entities who or which tested, inspected, approved, or issued any approval of any of the vehicle(s), tire(s) and/or wheel(s) involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith; **No. 13,** whether singular or plural, that entity or those entities who or which had supervisory authority relating to the maintenance, operation, installation, service, or to the selection, training and hiring of employees responsible for the maintenance, operation, installation or service for any of the vehicle(s), tire(s), and/or wheel(s) involved in the occurrence made the basis of this lawsuit; **No. 14,** whether singular or plural, that entity or those entities who or which issued any policy of insurance which provided coverage for plaintiffs on the occasion made the basis of this lawsuit (including, but not limited to, uninsured motorist coverage); **No. 15,** whether singular or plural, that entity or those entities who or which provided any insurance coverage for any of the motor vehicle(s), tire(s), and/or wheel(s) involved in the occurrence made the basis of this lawsuit, for the driver of each respective motor vehicle or for any of the named fictitious parties defendant listed or described herein; **No. 16,** whether singular or plural, that entity or those entities other than those entities

DOCUMENT 2

described above whose breach of contract or warranty contributed to cause the occurrence made the basis of this lawsuit; **No. 17**, whether singular or plural, that entity or those entities other than those entities described above, which is the successor in interest of any of those entities described above; **No. 18**, whether singular or plural, that entity or those entities other than those entities described above, which was the predecessor corporation of any of the entities described above; **No. 19**, whether singular or plural, that entity or those entities, that individual or those individuals, described above whose negligence, wantonness, recklessness, breach of contract, fraud, or other wrongful conduct contributed to cause the occurrence made the basis of this lawsuit; Plaintiff avers that the identities of the fictitious parties defendant is otherwise unknown to plaintiff at this time, or if their names are known to plaintiff at this time their identities as proper parties defendant is not known to plaintiff at this time, but their true names will be substituted by amendment when ascertained

)
**Defendants.** )

## COMPLAINT

## PARTIES

1.      Plaintiff Zafar Sajid, is an adult resident of Markham, Ontario, Canada.

2.      Defendant E&B Logistics, Inc. (hereinafter "E&B Logistics") is believed to be a business entity created and existing pursuant to the laws of Texas. Defendant E&B Logistics owned and/or otherwise controlled the subject tractor trailer involved in the subject crash, as described in detail below. Defendant E&B Logistics' principal place of business is 13003 Emerald Springs Ln, Horizon City, TX 79928-6441.

3.      Defendant Jesus R. Morfa is an adult resident of Midland, Midland County, Texas. At all times material herein, Defendant Morfa was an employee and/or agent of Defendant E&B Logistics.

## JURISDICTION & VENUE

4.      The incident made the basis of this action occurred on Interstate 85 at the intersection of Ann Street in Montgomery County, Alabama. Therefore, jurisdiction is proper in this Court pursuant to Ala. Code § 12-11-30(1), and venue is proper in this Court pursuant to Ala. Code § 6-3-2(a)(3).

DOCUMENT 2

## STATEMENT OF FACTS

5.      On or about September 25, 2021, Plaintiff Zafar Sajid was operating a FRHT Cascadia tractor trailer bearing V.I.N. 3AKJHHDR4LSKX0563 while driving northbound on I-85.

6.      Meanwhile, Defendant Jesus Morfa was operating a 2016 FRHT Cascadia tractor trailer bearing VIN #3AKJGLD59GSHB5824. Said tractor trailer was owned and/or otherwise controlled by Defendant E&B Logistics and operated under USDOT #3455493.

7.      Plaintiff Sajid was traveling in the right lane of I-85 northbound when he neared the exit leading to Ann Street. At such time, Defendant Morfa was also traveling northbound on I-85. Defendant Morfa entered Plaintiff Sajid's lane of travel, striking Plaintiff's tractor and forcing Plaintiff off of the roadway and down an embankment. Plaintiff Sajid's tractor trailer overturned onto its side.

8.      Defendant Morfa fled the scene of the collision but was later located by Alabama State Troopers. Defendant Morfa was found to be intoxicated, with beer cans on the floor board of his vehicle. He was arrested and charged with leaving the scene of an accident, driving while disqualified, failing to display insurance, and driving under the influence of alcohol.

9.      At all times hereto, Defendant Morfa was an employee and/or agent, acting within the line and scope of his employment/agency and in furtherance of business benefiting Defendant E&B Logistics.

10.     Defendant Morfa negligently, wantonly, and/or willfully violated numerous Alabama Rules of the Road and Federal Motor Carrier regulations. He has been charged by law enforcement with numerous violations of Alabama's traffic laws.

11.     As a proximate result thereof, Plaintiff suffered severe, permanent injuries and consequential economic damages described below.

DOCUMENT 2

## COUNT I
### Negligence - Defendant Morfa

12.     Plaintiff adopts and re-alleges all previous paragraphs, as if set out in full herein. If any previous or subsequent count is inconsistent with allegations of this count, said count(s) is pleaded in the alternative.

13.     Defendant Morfa had a duty to act reasonably and use due care while driving. Defendant Morfa had a duty to pay attention to traffic, to maintain a proper lookout, to obey the laws and rules of the State of Alabama, to pay full time and attention to the operation of his vehicle, and avoid a collision. Defendant Morfa also had a duty to inspect, repair, and maintain said tractor trailer in good working condition to ensure that it was fit for safe operation upon the roadways.

14.     Defendant Morfa breached said duties, thereby allowing his vehicle to collide into the vehicle occupied by Plaintiff.

15.     The aforesaid negligent, wanton, reckless, willful, and/or unlawful conduct by Defendant Morfa combined and concurred with the conduct of all other named and fictitious defendants, to cause Plaintiff to sustain the following:

    a.   Plaintiff suffered permanent, disfiguring physical injuries in and about his body.
    b.   Plaintiff suffered, and will suffer in the future, physical pain and mental anguish as a result of said injuries.
    c.   Plaintiff incurred, and will incur in the future, medical expenses for the treatment of his injuries.
    d.   Plaintiff incurred, and will incur in the future, lost wages and a loss of earning capacity.
    e.   Plaintiff incurred economic loss in the form of miscellaneous out-of-pocket expenses.
    f.   Plaintiff incurred property damage, including damages to his vehicle.

WHEREFORE, Plaintiff demands judgment against each of the Defendants, jointly and severally, including the fictitious party Defendants, in a sum in excess of the jurisdictional limits of this court, to be determined by a jury, which will fairly and adequately compensate the Plaintiff for injuries and damages sustained, together with interest from the date of injury, and the cost of this proceeding.  Further, Plaintiff requests that the jury selected to hear this case render a verdict for

DOCUMENT 2

Plaintiff and against each Defendant, and that it award punitive damages in an amount which will adequately reflect the enormity of the Defendants' wrongful acts and which will effectively prevent other similar wrongful acts.

## COUNT II
### Wantonness -Defendant Jesus Morfa

16.    Plaintiff adopts and re-alleges all previous paragraphs, as if set out in full herein. If any previous or subsequent count is inconsistent with allegations of this count, said count(s) is pleaded in the alternative.

17.    At the aforesaid time and place, Defendant Jesus Morfa and/or the fictitious party defendants described in the caption of the complaint wantonly operated a motor vehicle upon the roadways of Alabama, ultimately causing a collision with a vehicle occupied by Plaintiff Zafar Sajid.

18.    Defendant Jesus Morfa fled the scene of the accident, wantonly operated his vehicle while disqualified in violation of FMCSA regulations, and operated said vehicle while highly intoxicated.

19.    Said conduct was done with a conscious disregard for the safety of both the public at large and Plaintiff Zafar Sajid.

20.    The aforesaid negligent, wanton, reckless, willful, wrongful, and/or unlawful conduct by Defendant, Jesus Morfa, combined and concurred with the conduct of all other named and fictitious defendants, to cause Plaintiff to sustain the following:

   a. Plaintiff suffered permanent physical injuries in and about his body.
   b. Plaintiff suffered, and will suffer in the future, physical pain and mental anguish as a result of said injuries.
   c. Plaintiff has incurred, and will incur in the future, medical expenses for the treatment of his injuries.
   d. Plaintiff has incurred, and will incur in the future, lost wages and a loss of earning capacity.
   e. Plaintiff has incurred economic loss in the form of miscellaneous out-of-pocket expenses.
   f. Plaintiff has incurred losses in the form of property damage, including damage to his motor vehicle.

DOCUMENT 2

WHEREFORE, Plaintiff demands judgment against each of the Defendants, jointly and severally, including the fictitious party Defendants, in a sum in excess of the jurisdictional limits of this court, to be determined by a jury, which will fairly and adequately compensate the Plaintiff for injuries and damages sustained, together with interest from the date of injury, and the cost of this proceeding.  Further, Plaintiff requests that the jury selected to hear this case render a verdict for Plaintiff and against each Defendant, and that it award punitive damages in an amount which will adequately reflect the enormity of the Defendants' wrongful acts and which will effectively prevent other similar wrongful acts.

## COUNT III
### Vicarious Liability – E&B Logistics

21.     Plaintiff adopts and re-alleges all previous paragraphs, as if set out in full herein. If any previous or subsequent count is inconsistent with allegations of this count, said count(s) is pleaded in the alternative.

22.     At all times relevant hereto, Defendant Morfa was an employee/agent of Defendant E&B Logistics, and was acting within the line and scope of his employment/agency. As a result, Defendant E&B Logistics is vicariously liable to Plaintiff for the injuries and damages sustained as a result of the negligent, wanton, reckless, willful, and/or unlawful conduct of Defendant Morfa.

23.     The aforesaid negligent, wanton, reckless, willful, wrongful, and/or unlawful conduct by Defendant, E&B Logistics, combined and concurred with the conduct of all other named and fictitious defendants, to cause Plaintiff to sustain the following:

    a.  Plaintiff suffered permanent physical injuries in and about his body.
    b.  Plaintiff suffered, and will suffer in the future, physical pain and mental anguish as a result of said injuries.
    c.  Plaintiff has incurred, and will incur in the future, medical expenses for the treatment of his injuries.
    d.  Plaintiff has incurred, and will incur in the future, lost wages and a loss of earning capacity.

e.   Plaintiff has incurred economic loss in the form of miscellaneous out-of-pocket expenses.

f.   Plaintiff has incurred losses in the form of property damage, including damage to his motor vehicle.

WHEREFORE, Plaintiff demands judgment against each of the Defendants, jointly and severally, including the fictitious party Defendants, in a sum in excess of the jurisdictional limits of this court, to be determined by a jury, which will fairly and adequately compensate the Plaintiff for injuries and damages sustained, together with interest from the date of injury, and the cost of this proceeding.   Further, Plaintiff requests that the jury selected to hear this case render a verdict for Plaintiff and against each Defendant, and that it award punitive damages in an amount which will adequately reflect the enormity of the Defendants' wrongful acts and which will effectively prevent other similar wrongful acts.

## COUNT IV
### Negligence– Defendant E&B Logistics

24.   Plaintiff incorporates by reference and realleges each and every preceding allegation as if fully set forth herein.

25.   Defendant E&B Logistics had an affirmative duty to supervise the actions of its employee/agent, Defendant Morfa, and to ensure that he was operating the subject tractor trailer truck in accordance with all applicable laws, standards, regulations and rules of any type. Defendant E&B Logistics negligently failed to discharge said duty.

26.   Defendant E&B Logistics had a duty to evaluate, screen, and determine the physical, medical, and psychological qualifications and conditions of the drivers of their commercial motor vehicles, including Defendant Morfa. Defendant E&B Logistics negligently failed to discharge said duty.

DOCUMENT 2

DOCUMENT 2

27.     Defendant E&B Logistics had a duty to evaluate and determine the qualifications of its commercial motor vehicle drivers, including Defendant Morfa, prior to hiring said driver. Defendant E&B Logistics negligently failed to discharge said duty.

28.     Defendant E&B Logistics had a duty to ensure that the drivers of its commercial motor vehicles, including Defendant Morfa, had the knowledge and skills necessary to operate a commercial motor vehicle like the one he was operating on the occasion made basis of Plaintiff's claims. Defendant E&B Logistics negligently failed to discharge said duty.

29.     Defendant E&B Logistics had a duty to properly maintain the equipment being operated by Defendant Morfa on the occasion made basis of Plaintiff's claims. Defendant E&B Logistics negligently failed to discharge said duty.

30.     The aforesaid negligent, wanton, reckless, willful, and/or unlawful conduct by Defendant E&B Logistics combined and concurred with the conduct of all other named and fictitious defendants, to cause Plaintiff to sustain the following:

    a.  Plaintiff suffered permanent, disfiguring physical injuries in and about his body.
    b.  Plaintiff suffered, and will suffer in the future, physical pain and mental anguish as a result of said injuries.
    c.  Plaintiff incurred, and will incur in the future, medical expenses for the treatment of his injuries.
    d.  Plaintiff incurred, and will incur in the future, lost wages and a loss of earning capacity.
    e.  Plaintiff incurred economic loss in the form of miscellaneous out-of-pocket expenses.
    f.  Plaintiff incurred property damage, including a total loss of his vehicle.

WHEREFORE, Plaintiff demands judgment against each of the Defendants, jointly and severally, including the fictitious party Defendants, in a sum in excess of the jurisdictional limits of this court, to be determined by a jury, which will fairly and adequately compensate the Plaintiff for injuries and damages sustained, together with interest from the date of injury, and the cost of this proceeding.  Further, Plaintiff requests that the jury selected to hear this case render a verdict for Plaintiff and against each Defendant, and that it award punitive damages in an amount which will

adequately reflect the enormity of the Defendants' wrongful acts and which will effectively prevent other similar wrongful acts.

## COUNT V
### Wantonness– Defendant E&B Logistics

31.     Plaintiff incorporates by reference and realleges each and every preceding allegation as if fully set forth herein.

32.     Defendant E&B Logistics had an affirmative duty to supervise the actions of its employee/agent, Defendant Morfa, and to ensure that he was operating the subject tractor trailer truck in accordance with all applicable laws, standards, regulations and rules of any type. Defendant E&B Logistics wantonly failed to discharge said duty.

33.     Defendant E&B Logistics had a duty to evaluate, screen, and determine the physical, medical, and psychological qualifications and conditions of the drivers of their commercial motor vehicles, including Defendant Morfa. Defendant E&B Logistics wantonly failed to discharge said duty.

34.     Defendant E&B Logistics had a duty to evaluate and determine the qualifications of its commercial motor vehicle drivers, including Defendant Morfa, prior to hiring said driver. Defendant E&B Logistics wantonly failed to discharge said duty.

35.     Defendant E&B Logistics had a duty to ensure that the drivers of its commercial motor vehicles, including Defendant Morfa, had the knowledge and skills necessary to operate a commercial motor vehicle like the one he was operating on the occasion made basis of Plaintiff's claims. Defendant E&B Logistics wantonly failed to discharge said duty.

36.     Defendant E&B Logistics had a duty to properly maintain the equipment being operated by Defendant Morfa on the occasion made basis of Plaintiff's claims. Defendant E&B Logistics wantonly failed to discharge said duty.

37.     Said conduct was done with a conscious disregard for the safety of both the public at large and Plaintiff Zafar Sajid.

DOCUMENT 2

38.     The aforesaid negligent, wanton, reckless, willful, and/or unlawful conduct by Defendant E&B Logistics combined and concurred with the conduct of all other named and fictitious defendants, to cause Plaintiff to sustain the following:

   a.   Plaintiff suffered permanent, disfiguring physical injuries in and about his body.
   b.   Plaintiff suffered, and will suffer in the future, physical pain and mental anguish as a result of said injuries.
   c.   Plaintiff incurred, and will incur in the future, medical expenses for the treatment of his injuries.
   d.   Plaintiff incurred, and will incur in the future, lost wages and a loss of earning capacity.
   e.   Plaintiff incurred economic loss in the form of miscellaneous out-of-pocket expenses.
   f.   Plaintiff incurred property damage, including a total loss of his vehicle.

WHEREFORE, Plaintiff demands judgment against each of the Defendants, jointly and severally, including the fictitious party Defendants, in a sum in excess of the jurisdictional limits of this court, to be determined by a jury, which will fairly and adequately compensate the Plaintiff for injuries and damages sustained, together with interest from the date of injury, and the cost of this proceeding.  Further, Plaintiff requests that the jury selected to hear this case render a verdict for Plaintiff and against each Defendant, and that it award punitive damages in an amount which will adequately reflect the enormity of the Defendants' wrongful acts and which will effectively prevent other similar wrongful acts.

## COUNT VI
### Negligent Entrustment– Defendant E&B Logistics

39.     Plaintiff incorporates by reference and realleges each and every preceding allegation as if fully set forth herein.

40.     E&B Logistics owned the tractor trailer that was driven by Jesus Morfa at the time of the subject crash.

41.     E&B Logistics entrusted said tractor trailer to Defendant Morfa.

42.     Jesus Morfa was incompetent to operate said tractor trailer as he was disqualified from

DOCUMENT 2

driving, in violation of FMCSA regulations, and/or he was intoxicated or under the influence of intoxicating substances.

43.     E&B Logistics knew, or by using reasonable care should have known, that Jesus Morfa was incompetent to drive due to being disqualified from driving and intoxicated at the time of the collision.

44.     E&B Logistics, by virtue of its actions in entrusting its truck to its incompetent agent or employee, Jesus Morfa, caused the crash that resulted in the injuries to Plaintiff Sajid.

45.     The aforesaid negligent, wanton, reckless, willful, and/or unlawful conduct by Defendant E&B Logistics combined and concurred with the conduct of all other named and fictitious defendants, to cause Plaintiff to sustain the following:

  a. Plaintiff suffered permanent, disfiguring physical injuries in and about his body.
  b. Plaintiff suffered, and will suffer in the future, physical pain and mental anguish as a result of said injuries.
  c. Plaintiff incurred, and will incur in the future, medical expenses for the treatment of his injuries.
  d. Plaintiff incurred, and will incur in the future, lost wages and a loss of earning capacity.
  e. Plaintiff incurred economic loss in the form of miscellaneous out-of-pocket expenses.
  f. Plaintiff incurred property damage, including a total loss of his vehicle.

WHEREFORE, the Plaintiff demands judgment against all Defendants, jointly and severally, and requests that the jury selected to hear this case render a verdict for the Plaintiff in an amount which is adequate to reflect the enormity of the Defendants' wrongful acts and which will deter and/or prevent other similar or wrongful acts, along with all allowable interest and costs associated with this proceeding.

/s/   S. Drew Barnett
**S. DREW BARNETT (BAR-182)**
**JESSICA BONDS (BON-036)**
Attorneys for Plaintiff

OF COUNSEL:
**BELT & BRUNER, P.C.**

DOCUMENT 2

880 Montclair Drive
Suite 300
Birmingham, AL   35213
Telephone: (205) 933-1500
Facsimile:   (205) 933-5500
drewb@beltlawfirm.com
jessicab@beltlawfirm.com

## JURY DEMAND

Plaintiff hereby demands a trial by struck jury.

/s/   *S. Drew Barnett*
Attorney for Plaintiff

## REQUEST FOR CERTIFIED MAIL SERVICE BY CLERK

Attorney for Plaintiff hereby requests that the Clerk serve the following Defendants by certified mail, return receipt requested.

**Jesus Morfa**
306 S. Terrell St.
Midland TX 79701

**E&B Logistics, Inc.**
c/o Edgar Ortiz
13003 Emerald Springs
Horizon City, TX 79928

/s/   *S. Drew Barnett*
Attorney for Plaintiff

DOCUMENT 2